**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRIS LANGER,

              Plaintiff-Appellant,

    v.

JOYCE H. MCKELVY; CAROL L.
MCKELVY; HA JA KIM,

              Defendants-Appellees.

No.    15-56608

D.C. No.
2:14-cv-08842-RGK-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 6, 2017[**]
Pasadena, California

Before:  GRABER, BYBEE, and CHRISTEN, Circuit Judges.

    Chris Langer appeals the district court's dismissal, on a motion brought

under Federal Rule of Civil Procedure 12(c), of his claims under the Americans

with Disabilities Act (ADA) and various state laws.  We review the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

decision de novo, *see Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011), and now affirm.

**1.** Langer contends that it was improper for the district court to dismiss his ADA claim as moot based on evidence establishing that the defendants had made all necessary changes to the Cherry Donuts parking lot. We disagree. The district court properly considered such evidence to determine whether it had subject-matter jurisdiction over Langer's federal claim. *See, e.g., Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139–41 (9th Cir. 2003). There was no reason to wait until summary judgment to dispose of a moot claim when all evidence showed that "the allegedly wrongful behavior could not reasonably be expected to recur." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 n.10 (1982) (internal quotation marks omitted) (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203–04 (1968)).

**2.** Langer also asserts that the district court's ruling deprived him of his "right" to determine whether some other portions of defendants' facility—those he had not yet inspected—violated the ADA. We remain unpersuaded. Within a few days of being served with the Complaint, the defendants hired a Certified Access Specialist to inspect the property's parking area for ADA compliance. The

2

defendants implemented all of the Specialist's recommendations, including resurfacing the parking lot, repainting the van-accessible parking space (twice), and installing new van-accessible signs. Thereafter, the Specialist reinspected the parking area and produced a report certifying that "[e]ach element of the parking space, including the width and length of the space, slope of the ground surface, markings, and parking signage were in compliance with the applicable ADA standards." Cherry Donuts does not have an indoor restaurant space that could contain additional ADA violations because customers "order and pay through a small window" and all "seating is outside." Langer has not alleged any facts to contradict the Specialist's report or suggest that there are lingering violations at the property. Our decision in *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008), does not stand for the proposition that Langer is entitled to discovery on the facts of this case.

3.      Finally, we disagree with Langer that the district court dismissed his state-law claims "with prejudice." In fact, the district court did just the opposite, stating unequivocally that "[Langer] may prosecute his state law claims in state court." No tribunal could interpret the district court's order as precluding a subsequent state-court action on the same state-law claims.

**AFFIRMED.**

3